UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KAREN ELAINE ADAMS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-177 |
| | § | |
| CLDN TANKERS PTE LTD, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

On June 16, 2018, Robert Louis Adams ("Decedent") passed away after he and his adult son, Robert A. Adams, fell approximately 25 feet into the water from a gangway while boarding a vessel. (D.E. 18). Karen Elaine Adams, Decedent's surviving spouse, commenced this wrongful death action on June 17, 2018, suing, in both her individual capacity and as the personal representative of her late husband's estate, Defendants Occidental Chemical Corporation ("Oxy Chem"), CLDN Tankers PTE, Ltd. ("CLDN") and the M/V BTS Sabina ("the Vessel"). (D.E. 1).[1]

Pending is Defendant Oxy Chem's Motion to Dismiss. (D.E. 13).[2]  This matter has been referred to the undersigned Magistrate Judge for case management and making

---

[1] Robert A. Adams, Decedent's surviving adult son, was later added as a Plaintiff (D.E. 7 and D.E. 18) and Elizabeth Adams Spivey, Decedent's surviving adult daughter, filed an intervening complaint. (D.E. 28). Further, Defendant CLDN has also asserted a cross claim against Defendant Oxy Chem, which it now seeks to leave to amend. (D.E. 15 and D.E. 48).

[2] Defendant Oxy Chem has also filed two additional Motions to Dismiss, seeking to dismiss Ms. Spivey's intervening complaint and CLDN's cross claim. (D.E. 20 and D.E. 35). Defendant

recommendations on dispositive motions pursuant to 28 U.S.C. § 636. For the reasons stated below, the undersigned recommends this Motion be **DENIED**. (D.E. 13).

## I. BACKGROUND

As alleged by Plaintiffs, on June 16, 2018, the Decedent was a licensed ship pilot dispatched to board and pilot the Vessel from Oxy Chem's terminal within the Port of Corpus Christi. Decedent's son accompanied his father to observe him pilot the vessel. They arrived at Oxy Chem's terminal and, as they were walking on the Vessel's gangway to board the Vessel owned by CLDN, the gangway dropped and/or shifted causing Decedent and his son to fall approximately 25 feet into the water, striking parts of the Vessel and/or gangway as they fell. Decedent sustained injuries causing him to fade in and out of consciousness. Decedent's son shouted to the crew and dock workers to sound the general alarm and to call for emergency services. Both decedent and his son were unable to board the Vessel or access the dock from the water and, after approximately twenty minutes, an Oxy Chem worker and a line handler jumped into the water and secured a life jacket around Decedent and then swam Decedent, with his son, to a beach in the Oxy Chem terminal which they reached after Decedent had been in the water for approximately 45 minutes. Plaintiffs allege emergency personnel were delayed access to Decedent because the Oxy Chem terminal gate was locked. Plaintiffs further allege Oxy Chem employees had to breach a chain-link fence to allow emergency personnel access

---

CLDN has also filed a Motion to Dismiss Ms. Spivey's intervening complaint. (D.E. 32). These will be addressed in a separate Memorandum and Recommendation at a later date.

to Decedent, who succumbed to his internal injuries at a hospital approximately four hours later.

## II.     12(b)(6) MOTION STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted).  To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face" and must plead those facts with enough specificity "to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 556 U.S. at 678 (citation omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (citation omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations" to be entitled to the assumption of truth. *Id*. at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). Under Rule 8(a)(2), plaintiffs are not required to include "detailed factual allegations," but at the same time "more than an unadorned, the-defendant-unlawfully-harmed-me accusation is needed." *Ashcroft*, 550 U.S. at 662. "To survive a Rule 12(b)(6) motion to dismiss, the complaint 'does not need detailed factual allegations,' but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, 'raise a right to relief above the speculative level.'" *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) (citing *Twombly*, 550 U.S. at 555).

### III.  DISCUSSION

Pending is Oxy Chem's Motion to Dismiss. (D.E. 13).[3] Oxy Chem alleges all of the Plaintiffs, as well as CLDN, have failed to plead facts showing Oxy Chem owed or breached any relevant duty to any other party in this action and therefore, their claims should all be dismissed. Plaintiffs allege Oxy Chem owed a duty to "provide and have immediately available certain and specific safety and lifesaving equipment and devices." (D.E. 18, Pages 7-8). Plaintiffs further allege Oxy Chem was negligent by:

---

[3] Oxy Chem's Motion to Dismiss Plaintiffs' Claims (D.E. 13) was filed before Plaintiffs Karen Adams and Robert A. Adams filed their Second Amended Complaint. (D.E. 18). The undersigned has considered this Motion as to Plaintiffs' Second Amended Complaint.

> Failing to properly train its employees, agents, servants, and/or representatives in responding to an emergency at the marine terminal and rendering of aid;
>
> Failing to provide safe and adequate access to all areas of the marine terminal, specifically including those areas of the marine terminal where the Decedent and Plaintiff Robert A. Adams were when in need of emergency assistance, so that emergency personnel and equipment could enter the terminal to render aid and medical treatment without delay;
>
> Failing to have proper, adequate, and/or required safety equipment available at the marine terminal and/or dock on the day in question;
>
> Failing to provide a means to access the dock from the water;
>
> Failing to protect the safety and health of the public and/or other persons, including the Decedent and Plaintiff Robert A. Adams, from hazard(s) and/or risk(s) posed to them, generally;
>
> Failing to promulgate, implement, enforce, and identify appropriate and/or sufficient safety rules and procedures pertaining to its employees, agents, servants, and/or representatives in regard to responding to an emergency and rendering aid;
>
> Failing to hire properly trained employees to prevent accidents due to inexperienced, inattentive, and/or unqualified personnel conducting operations at the time of the incident;
>
> Failing to comply with federal and state statutes, rules, regulations, and/or standards applicable to the operation of the marine terminal;
>
> Failing to comply with its own internal applicable rules, regulations, policies, and/or procedures regarding access to the marine terminal and responding to an emergency.
>
> (D.E. 18, Page 8).

Plaintiffs allege these actions, individually or collectively, constitute negligence, proximately causing the Decedent's death and Plaintiff Robert A. Adam's injuries and damages. (D.E. 18, Pages 8-9).

The elements of a maritime negligence cause of action are essentially the same as negligence under common law. *Callahan v. Gulf Logistics, L.L.C.*, 456 F. App'x 385, 390 (5th Cir. 2011) (citing *Withhart v. Otto Candies, L.L.C.*, 431 F.3d 840, 842 (5th Cir. 2005) (other citation omitted). To prevail on a negligence claim, a plaintiff must establish: (1) the existence of a duty; (2) breach of said duty; (3) actual loss or injury to the plaintiff due to the improper conduct and (4) a causal connection between the defendant's conduct and the plaintiff's loss or injury. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 592 (5th Cir. 2016) (citations omitted). "'Under maritime law, a plaintiff is owed a duty of ordinary care under the circumstances.'" *Id*. (quoting *In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 211 (5th Cir. 2010). "The determination of the existence of scope of a duty 'involves a number of factors, including most notably the foreseeability of the harm suffered by the complaining party.'" *Id*. (citation omitted).

Upon review of the pleadings, the undersigned recommends Plaintiffs have sufficiently asserted negligence claims against Oxy Chem applying the 12(b)(6) standard. Although Oxy Chem argues Plaintiffs' claims are grounded on nonexistent legal duties, namely that it did not have an affirmative duty to rescue a person in distress, the undersigned recommends at least one of the duties alleged by Plaintiffs supports a plausible claim for negligence against Oxy Chem as Plaintiffs do not limit their negligence allegations only to a duty to rescue, as shown above. As noted by Plaintiffs in their response and supported by factual allegations in the complaint, they allege Oxy Chem delayed emergency personnel's access to the Decedent to render aid due to the configuration of the facility, namely security fences and locked gates. Further, Plaintiffs

allege Oxy Chem failed to provide a means to access the dock from the water and/or proper safety equipment in compliance with the regulations governing the operation of a marine terminal. Accordingly, Plaintiffs allege Oxy Chem breached its duty of ordinary care as a result of these delays and failures. Plaintiffs further allege Oxy Chem's alleged breach caused and/or contributed to the death of Decedent and the injuries to his son.

Taken in the light most favorable to Plaintiffs, these allegations are sufficient to raise a right to relief above the speculative level and indicate the presence of the required elements for a negligence claim. Because Plaintiffs have sufficiently plead facts to support several of their theories of liability, it is unnecessary to determine whether all theories survive at this stage of the litigation, especially as they are not specifically addressed by Oxy Chem in the pending Motion to Dismiss. The discovery deadline is April 30, 2019. After discovery is conducted, Plaintiffs may choose not to proceed with all of the theories advanced in their current complaint.

## IV.   RECOMMENDATION

For the reasons stated below, the undersigned recommends this Motion be **DENIED**.  (D.E. 13).

ORDERED this 17th day of January, 2019.

Jason B. Libby<br>
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).